**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **HERB A. PASKEWITZ,** ) | Case No. 1:11 CV 2371 |
| ) | |
| Plaintiff, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commission of Social Security,** ) | |
| ) | |
| Defendant. ) | |

Plaintiff Herb A. Paskewitz seeks judicial review of the final decision of Defendant Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. (**Doc #: 1**.) The case was referred to Magistrate Judge Kathleen B. Burke for preparation of a Report and Recommendation ("R&R") pursuant to Local R. 72.2(b)(1). Following briefing, the Magistrate Judge issued an R&R recommending that the Court affirm the Commissioner's denial of Paskewitz's applications for DIB and SSI. (**Doc #: 15**.) The Magistrate Judge expressly noted that:

> [a]ny objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

(Id. at 25.)

> Under the relevant statute:
>
> Within <u>fourteen days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (emphasis added). In this case, 21 days have elapsed since the R&R was issued, and Plaintiff has filed neither an objection nor a request for an extension of time to file one. The failure to timely file written objections to an R&R constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Arn*, 728 F.2d 813; *Walters*, 638 F.2d 947.

Notwithstanding the lack of an objection, the Court has reviewed the Magistrate Judge's thorough, well-written R&R, agrees with the Magistrate Judge's findings, and **ADOPTS** the Magistrate's recommendation that the Commissioner's decision denying DIB and SSI to Paskewitz be **AFFIRMED** and the complaint **DISMISSED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 */s/ Dan A. Polster     November 19, 2012*
　　　　　　　　　　　　　　　　　　　　 **Dan Aaron Polster**
　　　　　　　　　　　　　　　　　　　　 **United States District Judge**